702 So.2d 678 (1997)
STATE of Louisiana
v.
Glenn HARRIS.
No. 97-KP-1352.
Supreme Court of Louisiana.
October 31, 1997.
PER CURIAM.[*]
Writ granted. The district court's failure to comply fully with the three-right rule of State ex rel. Jackson v. Henderson, 260 La. 90, 103, 255 So.2d 85, 90 (1971), adopted as an interim measure until "state and federal *679 jurisprudence solidified," State ex rel. LeBlanc v. Henderson, 261 La. 315, 333-34, 259 So.2d 557, 563 (1972), does not alone discharge the inmate's burden in post-conviction proceedings of showing, as a basis for vacating that conviction, a constitutional defect in his guilty plea. La.Code Crim.Proc. art. 930.2; cf. United States v. Timmreck, 441 U.S. 780, 784-85, 99 S.Ct. 2085, 2087-88, 60 L.Ed.2d 634 (1979) ("collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of F.R.Crim.Proc. 11); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative[s]"). (To the extent that post-conviction proceedings focus, not on the enforcement of prophylactic rules designed to assure an adequate contemporaneous record for review, but rather on the knowing and voluntary nature of the guilty plea itself, an inmate's initials and signature placed on a plea of guilty form attesting that he understood the trial rights he waived by entering his guilty plea constitute a "formidable barrier" to any collateral attack on that plea based on the mere allegation that the record of the plea is "void of any indication" that the petitioner was fully advised of his rights.) See Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Under these circumstances, the district court did not err in denying post-conviction relief on these grounds.
Accordingly, we set aside the judgment of the court of appeal that vacated relator's plea, and we reinstate the conviction based on that plea. The case is remanded to the court of appeal for consideration of the issues pretermitted in its previous ruling.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.