JiSCHOTT, Chief Judge.
This is before the court on the application of Katorra Smith for a writ of mandamus directed to the trial court to provide her with a copy of the transcript of the proceedings in which she pled guilty to possession of a stolen vehicle, her “Boykin ” transcript, and a transcript of the proceedings in which she was sentenced for this offense under the Habitual Offender Law. LSA-R.S. 15:529.1.
With respect to the Boykin transcript, relator pled guilty pursuant to a plea bargain with the State. She executed a ‘Waiver of Rights — Plea of Guilty” form in which she specifically waived her rights to trial by judge or jury, to appeal if convicted, to confront and cross examine the State’s witnesses, to the privilege against self-incrimination or having to testify at trial, and to have the court compel her own witnesses to attend the trial and testify. She acknowl *192 edged that she would be sentenced as a double offender to five years in the custody of the Department of Corrections. The form is duly signed by relator and initialed in seven places.
In State v. Harris, 97-KP-1352 (La.10/31/97) 702 So.2d 678 the court held that the inmate’s initials and signature placed on a plea of guilty form attesting that he understood the trial rights he waived by entering his |2guilty plea constitute a “formidable barrier” to any collateral attack on that plea based on the mere allegation that the record of the plea is “void of any indication” that the petitioner was fully advised of his rights.
That case was a reversal of a judgment of this court which vacated the defendant’s guilty plea and sentence because the court— ordered Boykin transcript failed to show that he was informed of his right against self incrimination or that any reference was made during the colloquy to the guilty plea form.
On the basis of Harris it would make no sense to provide a defendant with a Boykin transcript where the record contains a guilty plea waiver of rights form that is well executed because even if the transcript is incomplete the form prevails. Ordering the production of a Boykin transcript in these circumstances would be an exercise in futility-
Thus, relator’s request for the Boykin transcript is denied. Neither is relator entitled to. her sentencing transcript. State ex rel. Bernard v. Criminal District Court Section J., 94-2247 (La.4/28/95), 653 So.2d 1174.
Accordingly, this application is denied.

APPLICATION DENIED.