h MURRAY, Judge.
Relator, Delton A. Price, seeks this court’s assistance in obtaining documentation he considers necessary in order to file an application for post-conviction relief. For the reasons that follow, we grant his writ application in part and order the trial court to furnish the requested material.
On October 13, 1999, Mr. Price pled guilty to possession of crack cocaine, and was sentenced on December 1, 1999 to *97 serve forty months at hard labor. In writ application 2000-K-2314, he sought a copy of his trial transcript. On December 5, 2000, this court granted his writ application in an unpublished disposition, stating in pertinent part:
Relator pled guilty; therefore, there is no trial transcript. However, he is entitled to a copy of his Boykin transcript. Accordingly, the district court is ordered to provide relator with a copy of his October 13, 1999 Boykin transcript within sixty days of this order.
On January 9, 2001, however, the trial court denied Mr. Price’s request for the Boykin transcript based upon this court’s published opinion in State v. Smith, 97-2461 (La.App. 4th Cir.11/26/97), 703 So.2d 191. As the district judge noted, the Smith decision stated that if the criminal record contained a signed waiver of rights form evidencing a plea of guilty, then “[o]rdering the production of a Boykin | ^transcript ... would be an exercise in futility.” Neither party sought Supreme Court review of this court’s Smith opinion.
Subsequently, however, this court cited Smith in rejecting another defendant’s request for his Boykin transcript. State v. Franklin, 98-K-0412 (La.App. 4th Cir.3/31/98), unpublished. The Supreme Court granted Mr. Franklin’s writ application and reversed, ordering that he be provided with a copy of the guilty plea colloquy as required by that court’s precedents. State ex rel. Franklin v. State, 98-1021 (La.5/15/98), 719 So.2d 60,[1] citing State ex rel. Simmons v. State, 93-0275 (La.12/16/94), 647 So.2d 1094.
Because the Supreme Court has thus rejected the rationale behind the denial of the Boykin transcript seen in State v. Smith, the district court is hereby ordered to supply Mr. Price with a copy of his October 13, 1999 guilty plea colloquy transcript within sixty days and to show compliance by forwarding to this court a copy of the cover letter that accompanies the transcript.[2]
Mr. Price’s additional request for a suspension of the two-year limitation for filing an application for post-conviction relief is denied as unnecessary. Under Criminal Procedure article 930.8 A(l), a late-filed application must be considered if the petitioner establishes that the facts supporting his claim were not previously known to him. Thus, if Mr. Price cannot establish his claim for relief unless and until he' receives the Boykin transcript, his petition may be considered timely under this exception.
WRIT APPLICATION GRANTED IN PART; TRIAL COURT COMPLIANCE ORDERED.

. The Southern Second Reporter erroneously indicates that the Franklin case arose in the Third Circuit.

. Mr. Price's address appears on the cover sheet of this opinion.