998 So.2d 178 (2008)
STATE of Louisiana
v.
Percy L. JONES.
No. 08-KA-466.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*180 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, Appellate Counsel, Vince Paciera, Trial Counsel, Michael G. Morales, Trial Counsel, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Mark O. Foster, Attorney at Law, Louisiana Appellate Project, Natchitoches, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Percy Jones, appeals from the trial judge ruling finding him to be a fourth felony offender, and his enhanced sentence. We vacate and remand for further proceedings.
In December of 2007, the Defendant was convicted by a jury of illegal possession of a stolen vehicle valued at more than $500, in violation of La.R.S. 14:69. He was subsequently sentenced to ten years at hard labor with credit for time served. The Defendant appealed the conviction on January 11, 2008.[1] On the same day, the State filed a habitual offender bill of information alleging the Defendant to be a fourth felony offender. The Defendant denied the allegations in the habitual offender bill.
Following a hearing, the trial judge found the Defendant to be a fourth felony offender, and sentenced him to life in prison without benefit of probation or suspension of sentence. The Defendant subsequently filed a pro se motion for reconsideration of his habitual offender sentence, and an appeal. The trial judge denied the Defendant's motion for reconsideration.
The facts are stated in the Defendant's appeal of his possession of a stolen vehicle conviction. We adopt the statement of the facts in that appeal. See, 08-KA-306.
In this appeal of his habitual offender finding, the Defendant asserts first, that the State violated his state and federal constitutional rights by vindictively filing the habitual offender bill of information after the Defendant was sentenced to ten years imprisonment. In his second assignment of error, he contends that the trial judge erred in overruling his objections to the admissibility of the State's exhibits. Third, he argues that the trial judge erred *181 in finding the Defendant to be a fourth felony offender, in light of the fact that the state failed to introduce into evidence documentation of one of the predicate convictions.
The Defendant first argues that his constitutional rights were violated because the State waited to file the habitual offender bill until after the trial judge sentenced him on the underlying offense, and after he appealed that conviction. The Defendant argues that the State filed the habitual offender bill because it perceived his original sentence as too low. The Defendant contends the State's timing in filing the habitual offender bill violated his constitutional rights to a speedy trial and sentencing, as well as his right to appeal. He also argues that the State's timing violated his right to fair notice and to finality of the case, citing the recent case of Greenlaw v. United States, ___ U.S. ___, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008). He argues also that the State's actions are unconstitutional, because the State did not object to or appeal the Defendant's original sentence.
A new issue that has not been submitted to the trial court for a decision generally cannot be raised for the first time on appeal. State v. Darensbourg, 06-572, p. 3 (La.App. 5 Cir. 12/27/06), 948 So.2d 1128, 1131, writ denied, 07-0317 (La. 11/9/07), 967 So.2d 495.
In the present case, the Defendant never raised the issue of timeliness of the filing of the habitual offender bill, and prosecutorial vindictiveness in the trial court. In addition, the Defendant failed to file a motion to quash the habitual offender bill. A motion to quash is a procedural vehicle for challenging an indictment or a bill of information. State v. Dauzart, 07-15, p. 5 (La.App. 5 Cir. 5/15/07), 960 So.2d 1079, 1084; La.C.Cr.P. articles 531-532. The Defendant did file a response to the bill, alleging that the predicate offenses were defective. That response did not specifically raise the issue of timeliness of the filing of the bill based on prosecutorial vindictiveness, but does assert "Any and all other facts to be adduced at the hearing of this matter which are as yet unknown to defense counsel." Therefore, it is unclear whether this issue is properly before this Court. In Darensbourg,[2] a case closely on point, this Court addressed the merits of a claim of prosecutorial vindictiveness despite the Defendant's failure to raise the issue in the trial court. Therefore, we will address the merits of the Defendant's claim. See, State v. Darensbourg, 06-572 at p. 3, 948 So.2d at 1132.
The time within which the State shall file a habitual offender bill of information is governed by La.C.Cr.P. art. 874. State v. Muhammad, 03-2991, 14 (La.5/25/04), 875 So.2d 45, 54-55. La. C.Cr.P. art. 874 states that a sentence shall be imposed without unreasonable delay. State v. Muhammad, 03-2991 at 14, 875 So.2d at 55. Under La.R.S. 15:529.1(D)(1)(a), a habitual offender bill may be filed against a defendant who has been convicted of a felony "at any time, either after conviction or sentence." The statute does not establish a time limit for the State to file a habitual offender bill. *182 Muhammad, 03-2991 at 14, 875 So.2d at 54. Nevertheless, a habitual offender bill must be filed within a reasonable time after the State learned the defendant had prior felony convictions. Muhammad, 03-2991 at 14, 875 So.2d at 54-55. The rationale is necessitated by the defendant's constitutional right to a speedy trial. Id. A reasonable time is determined on a case-by-case basis. Muhammad, 03-2991 at 13, 875 So.2d at 54.
The four factors to be considered in determining whether a defendant's right to a speedy trial has been violated, while neither definitive nor dispositive in the context of a habitual offender proceeding, are: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right to speedy trial, and (4) the prejudice to the defendant resulting from the delay. Muhammad, 03-2991 at 14, 875 So.2d at 55. The two concepts at issue are the timely filing of the habitual offender bill, and the timely hearing, or completion of the proceeding. Muhammad, 03-2991 at 16, 875 So.2d at 56.
In this case, the Defendant only claims that the habitual offender bill was not timely filed. At the beginning of the sentencing hearing, before the Defendant's original sentence was imposed, the State informed the trial court that it was filing the habitual offender bill. Therefore, the Defendant received fair notice, prior to the imposition of the sentence on the underlying offense, that he would be facing enhanced penalties. Contrary to the Defendant's argument, the record does not disclose that the State decided to file the bill due to the sentence on the underlying offense. That sentence had yet to be imposed. In addition, the record indicates that the bill of information was timely, as it was filed on the same date as the Defendant's sentencing hearing on the underlying offense.
In addition, the Defendant's argument regarding Greenlaw is misplaced. Greenlaw is not dispositive in the present case. In Greenlaw, the United States Supreme Court held that a United States Court of Appeals could not sua sponte increase a defendant's sentence under its plain error rule when the government has chosen not to appeal a sentencing error. Greenlaw, 128 S.Ct. at 2567. The United States Supreme Court found that the strict time notices for appeals that serve the interests of the parties and the legal system in fair warning and finality would be undermined if an appellate court could sua sponte modify a judgment in favor of a party, i.e., the government, that did not file a notice of appeal. Greenlaw, 128 S.Ct. at 2569.
In this case, the Defendant was subjected to enhanced penalties due to his habitual offender status after he received fair notice from the State within a reasonable time. Therefore, we find no basis to reverse the habitual offender finding for this reason.
We pretermit the Defendant's second assignment of error, as we find the trial judge erred, as the Defendant argues, in finding the Defendant to be a fourth felony offender.
The Defendant argues that the State failed to offer into evidence Exhibit 6, the documentation relating to his 1996 Orleans Parish conviction for attempted possession of a firearm by a convicted felon. The State admits that it inadvertently failed to formally introduce that exhibit. However, the State contends that because the defense failed to object to the State's error, the issue is waived.
In order to prove that a defendant is a habitual offender, the state must establish by competent evidence the defendant's prior felony convictions, and that defendant is the same person who was *183 convicted of the prior felonies. State v. Jenkins, 07-586, p. 4 (La.App. 5 Cir. 1/22/08), 977 So.2d 142, 146. The Habitual Offender Law, La. R.S. 15:529.1, does not require the State to use a specific type of evidence in order to carry its burden of proof. Jenkins, 07-586 at 4, 977 So.2d at 147. The defendant's prior convictions may be proven by any competent evidence. Id. The State may meet its burden of proof by various means including the testimony of witnesses to prior crimes, expert testimony, matching fingerprints of the defendant with those in the record of prior convictions, or photographs contained in a duly-authenticated record. Jenkins, 07-586 at 4, 977 So.2d at 146.
When the defendant's habitual offender status is based on guilty pleas in the predicate convictions, the state has the burden of proving the existence of the defendant's guilty pleas and that the defendant was represented by counsel when the guilty pleas were taken. Jenkins, 07-586 at 4-5, 977 So.2d at 147. See also State v. Shelton, 621 So.2d 769, 774-77 (La.1993). If the state meets its burden of proof, then the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity. Id. If the defendant meets the burden, then the burden shifts back to the state to prove the constitutionality of the plea by producing a perfect transcript, which shows that the defendant's waiver of his Boykin rights was voluntary, informed, and express. Jenkins, 07-586 at 4-5, 977 So.2d at 147. If the State produces anything less than a perfect transcript, such as a guilty plea form, minute entry, or imperfect transcript, the trial judge must weigh the evidence to determine whether the defendant's prior plea was both knowing and voluntary. Id.
In State v. Raymond, 97-81 (La.App. 5 Cir. 5/28/97), 695 So.2d 1039, 1045, this Court affirmed the defendant's conviction, but vacated his adjudication and sentence as a fourth felony offender after finding that there was no indication that the exhibits filed in the record in this Court were introduced at the hearing on the habitual offender bill. Raymond, 97-81 at 13, 695 So.2d at 1045. We concluded that the failure to introduce the exhibits meant that the state failed in its burden of proving the existence of the prior guilty pleas, and that defendant was represented by counsel when the pleas were entered. Raymond, 97-81 at 13-14, 695 So.2d at 1045.
State's Exhibit 6 was filed in this Court in companion case State v. Jones, 998 So.2d 173, 08-KA-306. It includes a true copy of the bill of information and the subsequent amendment for the Defendant's conviction for attempted possession of a firearm by a convicted felon in Orleans Parish in 1996 (Docket #366-526). The Exhibit also contains a certified copy of the Defendant's fingerprints, a waiver of constitutional rights plea of guilty form, the guilty plea form, the docket master, and the District Attorney's Office Screening Action Form. The transcript reveals that the State intended to formally introduce the exhibit, but did not do so, even though the commitment minute entry lists "S-6 Copy of conviction 366-526" under the State's evidence, and it appears from the record that the trial judge believed that it had been admitted. Without the formal admission of Exhibit 6 into evidence at that hearing, the State could not have met its burden to prove the Defendant's guilty plea for that offense.
In addition, it is questionable as to which State's Exhibit 4 or Exhibit 5 was entered into the record. The State attempted to offer, file, and introduce Exhibit 5 when the defense objected. Later, the *184 trial judge appears to have admitted State's Exhibit 4, but the record is still unclear as to whether the State's Exhibits 4 and/or 5 were admitted. Under Raymond, without the admission of Exhibit 4 and/or Exhibit 5 into evidence, the State could not have met its burden of proving the Defendant's 1996 and/or 1997 guilty pleas for the corresponding predicate convictions.
Therefore, based on the failure and/or the uncertainty of which offenses were properly entered into the record in this case, we find that the habitual offender sentence must be vacated, and the case remanded for further proceedings. See, Raymond, 97-81 at 13-14, 695 So.2d at 1045.
Accordingly, the habitual offender sentence is hereby vacated. The case is remanded to the district court for further proceedings.
VACATED AND REMANDED.
NOTES
[1] That appeal is pending in this Court and is set on the same docket. See, No. 08-KA-306.
[2] In Darensbourg, the defendant claimed the state's pursuit of the habitual offender bill alleging him to be a fourth felony offender, was vindictive prosecution. In that case, the hearing was not heard until 19 months after the original sentence on the underlying charge, and after months of inactivity. The state claimed that the defendant was precluded from raising this issue for the first time on appeal. Darensbourg, 06-572 at p. 3, 948 So.2d at 113. We rejected this argument, citing State v. Aleman, 01-743 (La.App. 5 Cir. 1/15/02), 809 So.2d 1056, 1066, writ denied, 02-0481 (La.3/14/03), 839 So.2d 26.