FREDERICKA HOMBERG WICKER, Judge.
|2On September 30, 2008, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Issac Newman, with possession of cocaine in violation of La. R.S. 40:967(C). On October 21, 2008, defendant entered a plea in ab-sentia of not guilty.[1] On March 3, 2009, defendant withdrew his not guilty plea and pled guilty in open court. The trial court sentenced defendant to two years at hard labor. The trial court deferred defendant’s sentence contingent upon his successful completion of the Jefferson Parish Intensive Drug Program pursuant to La. R.S. 13:5304.
Beginning in March of 2009, however, multiple attachments were issued for defendant’s failure to comply with the drug program and, on September 3, 2010, a Rule to Make Sentence Executory was filed seeking revocation of defendant’s probation. On November 15, 2010, the trial court conducted a hearing at which [..¡defendant stipulated to the revocation of his probation. The trial court revoked defendant’s probation and imposed the original sentence of two years at hard *778 labor. On that same day, the state filed a multiple offender bill of information alleging defendant to be a third felony offender. With the assistance of counsel, defendant executed a waiver of rights form and pled guilty to the multiple offender bill in open court. The trial court vacated defendant’s original two year sentence and sentenced defendant to six years at hard labor without benefit of probation or suspension of sentence, in conformity with the written multiple bill plea form.
On January 9, 2012, the trial court granted defendant an out-of-time appeal. On May 15, 2012, defendant’s appointed appellate counsel filed an Anders[2] brief asserting that, after a thorough review of the trial court record, he could find no non-frivolous issues to raise on appeal. Counsel further requested a review of the record for errors patent and filed a motion in this Court to withdraw as counsel of record pursuant to the procedure in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990). Defendant received notification of appointed counsel’s motion to withdraw and his right to file a supplemental pro se brief in this Court. Defendant timely filed a supplemental pro se brief with this Court on June 12, 2012.

Supplemental Pro Se Brief

In his supplemental brief and motions[3] filed with this Court, defendant essentially alleges two grounds on which his multiple offender adjudication and sentence is improper: (1) his enhanced sentence of six years is in violation of his plea agreement; and (2) the state failed to timely file the multiple bill against him.
|4In his first argument, defendant contends that his enhanced sentence of six years is in violation of his contract with the state, ie., his plea agreement. Defendant asserts that neither his trial counsel nor the court advised him that he would receive a six year sentence; rather, defendant states that he understood the maximum sentence he would receive is two years at hard labor.
At the original sentencing hearing on March 3, 2009, the trial judge advised defendant that, if he failed to comply with the Jefferson Parish Intensive Drug Program, he would be sentenced to two years at hard labor. On November 15, 2010— after defendant failed to comply with the drug program — the trial court made defendant’s two-year deferred sentence executo-ry. On the same date, the state filed a multiple offender bill of information against defendant, alleging defendant to be a third felony offender. Defendant, represented by counsel, stipulated to the multiple bill and signed a written waiver of rights form.
The record reflects the trial judge ascertained that defendant was a twenty-six year old man with two years of college education who is able to read, write and understand the English language. The transcript of the multiple offender hearing shows that the trial judge, in open court, fully informed defendant of his right to a habitual offender hearing at which the state would have the burden to prove that defendant is in fact the same individual convicted of the prior felonies set forth in the multiple bill. The trial judge further advised defendant of the sentencing range pursuant to La. R.S. 15:529.1 and clearly informed defendant that he, pursuant to *779 his plea agreement, would receive a six year sentence.
The trial court did not err in finding that defendant’s plea was knowing, intelligent, and voluntary. Further, the defendant’s six year sentence is the sentence he agreed to in open court and on the multiple bill plea form. Therefore, we find no error in the sentence imposed as it conforms to the defendant’s plea 1 .¡agreement. Regardless, La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. See La.C.Cr.P. art. 881.2(A)(2); State v. Reese, 09-1058, p. 4 (La.App. 5 Cir. 5/25/10), 40 So.3d 1117, 1119; and State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. This assignment of error is without merit.
In his second argument, defendant contends that the multiple bill — filed twenty months after the trial court imposed his initial sentence — is untimely. A guilty plea waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Nevertheless, a review of the record shows that the state’s fifing of the multiple bill against defendant was not untimely.
La.C.Cr.P. art. 874 states that a sentence shall be imposed without unreasonable delay. State v. Jones, 08-466, p. 4 (La.App. 5 Cir. 10/28/08), 998 So.2d 178, 181. Under La. R.S. 15:529.1(D)(1)(a), a habitual offender bill may be filed against a defendant who has been convicted of a felony “at any time, either after conviction or sentence.” Id., 08-466 at 5, 998 So.2d at 181. The statute does not establish a time limit for the state to file a habitual offender bill. Id. Nevertheless, a habitual offender bill must be filed within a reasonable time after the state learned the defendant had prior felony convictions. Id., 08-466 at 5, 998 So.2d at 182. A reasonable time is determined on a case-by-case basis. Id. Further, in determining whether the state’s delay is reasonable, a court may consider, among other factors, the reason for the delay in filing the multiple bill. Id; see also State v. Muhammad, 2003-2991, p. 14 (La.5/25/04), 875 So.2d 45, 55.
|6In this case, defendant’s original sentence was deferred on the condition that he successfully complete a drug program. After it became apparent that defendant was not complying with the conditions of the drug program, the trial court revoked his probation and imposed his previously deferred sentence. On the same date that the trial court made defendant’s sentence executory, the state filed a multiple bill against him. Under the specific facts of this case — where the state refrained from fifing a multiple bill against defendant until he failed to comply -with the intensive drug program — we find the multiple bill to be filed in a timely manner. Accordingly, this assignment is without merit.

Anders Brief

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990)[4], defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting *780 he has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the ^evidence presented to the jury for its consideration.” Jyles, 96-2669 at 2 (La.12/12/97), 704 So.2d at 241.
An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. “When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal.” State v. Defrene, 07-823, p. 4 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. The state agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record. An independent review of the record supports counsel’s assertion that there are no non-frivolous issues to raise on appeal.
First, the bill of information filed properly charged defendant with possession of cocaine in violation of La. R.S. 40:967(C). As required, the bill of information clearly, concisely, and definitely states the essential facts constituting the offense charged and sufficiently identifies defendant and the crime charged. See La.C.Cr.P. arts. 464-466. Second, the minute entries and commitment reflect that defendant appeared at each crucial stage of the proceedings against him. ^Defendant properly waived his appearance at his arraignment and physically made an appearance in open court for his guilty plea, his original sentencing, his multiple offender hearing, and his multiple offender sentencing. Third, defendant’s guilty pleas — on his underlying bill and his multiple offender bill — are proper. The trial court informed defendant in open court of the sentencing range and the sentence that would be imposed in the event that he pled guilty in each instance. Specifically, the trial court advised defendant that if he failed to successfully complete the Jefferson Parish Intensive Drug Program, he would be sentenced to two years at hard labor for his conviction for possession of cocaine. Further, at the multiple offender hearing, the trial court informed defendant that his stipulation to the multiple offender bill would result in a six year enhanced sentence. Therefore, defendant *781 was informed of his underlying and enhanced sentences prior to each plea. Last, defendant’s original and enhanced sentences are well within statutory guidelines. See La. R.S. 40:967(0 and La. R.S. 15:529.1. Further, because defendant was sentenced in conformity with his guilty plea, defendant is precluded from challenging his sentence on appeal. State v. Hill, 09-89, p. 5 (La.App. 5 Cir. 5/26/09), 15 So.3d 1042, 1044.
Upon an independent review of the record, we find no non-frivolous issues for appeal. Defendant’s appointed appellate counsel has adequately demonstrated his review and analysis of the record in this case. An independent review of the record supports counsel’s assertions set forth in his Anders brief. Therefore, we find that counsel’s request to withdraw as counsel of record should be granted.

Errors Patent

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request. A review of the record reveals one error patent that requires corrective action.
The record reflects that, at the November 15, 2010, multiple offender hearing, the trial judge failed to properly advise defendant of the prescriptive period within which he must apply for post-conviction relief.[5] Accordingly, we hereby advise defendant that, pursuant to La. C.Cr.P. art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. art. 914 or 922. See State v. Ramsey, 10-333, p. 10 (La.App. 5 Cir. 1/25/11), 60 So.3d 36, 42.

Conclusion

Accordingly, defendant’s conviction, multiple offender adjudication, and sentence are affirmed. Defendant’s appointed appellate counsel’s motion to withdraw is hereby granted.

AFFIRMED

. The record contains a “Motion, Affidavit, and Order to Waive Defendant’s Presence at Arraignment” signed by defendant on October 20, 2008.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

. Defendant also filed a Motion to Correct/Amend Broken Plea Agreement and a Motion to Amend/Appeal with Grounds for Remedy, which contains similar arguments as those presented in defendant's supplemental pro se brief and are addressed herein.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The record also reflects that the trial court failed to inform defendant of the time period in which he must file an appeal. This error, however, is moot because defendant has been granted an out-of-time appeal.