NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-754

STATE OF LOUISIANA

VERSUS

WESLEY JAMES MONROE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-138470, DIVISION K
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.

HABITUAL OFFENDER ADJUDICATION AND SENTENCES
AFFIRMED. MOTION TO WITHDRAW GRANTED.

Michael Harson, District Attorney
Michelle S. Billeaud, Assistant District Attorney
Fifteenth Judicial District
P. O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR THE STATE OF LOUISIANA

Edward J. Marquet, Attorney at Law
P. O. Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT-APPELLANT:
      Wesley James Monroe

**PAINTER, Judge.**

Defendant, Wesley James Monroe, was convicted of second degree kidnapping, a violation of La.R.S. 14:44.1, and armed robbery, a violation of La.R.S. 14:64. Thereafter, Defendant was adjudicated a habitual offender and sentenced to two concurrent terms of life imprisonment without benefit of probation, parole, or suspension of sentence pursuant to La.R.S. 15:529.1. Defendant appeals his adjudication as a habitual offender. Additionally, Defendant appealed his convictions for second degree kidnapping and armed robbery under this court's docket number 13-717.[1] Both appeals were filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Defendant's counsel seeks to withdraw in both cases. We affirm Defendant's habitual offender adjudication and his sentences. Further, we affirm his convictions in the opinion rendered under docket number 13-717. In both appeals, we grant counsel's motion to withdraw.

## FACTS AND PROCEDURAL HISTORY

Following Defendant's conviction on one count of second degree kidnapping and one count of armed robbery, the State filed a habitual offender bill of information alleging that Defendant had been convicted of three additional felony offenses: aggravated criminal damage to property, a violation of La.R.S. 14:55, in Acadia Parish on July 25, 2005, under docket number 66399; of illegal possession of stolen things, a violation of La.R.S. 14:69, in Acadia Parish on September 15, 2008, under docket number 71723; and of simple burglary, a violation of La.R.S. 14:62, in Lafayette Parish on March 27, 2008, under docket number 117645.

At the habitual offender hearing, the State presented undisputed evidence that Defendant was represented by counsel and was advised of his constitutional

---

[1] *See State v. Wesley James Monroe*, 13-717 (La.App. 3 Cir. ___/___/14), ___ So.3d ___.

rights at the prior convictions. His date of birth and social security number were the same on the evidence of prior convictions. Following a hearing, the trial court concluded that the State met its burden of proving that Defendant was the same person convicted of the prior offenses. It vacated Defendant's prior sentences for second degree kidnapping and armed robbery and enhanced both of them pursuant to La.R.S. 15:529.1. The trial court further found Defendant to be a habitual offender and sentenced him to two concurrent terms of life imprisonment without benefit of probation, parole, or suspension of sentence pursuant to La.R.S. 15:529.1.

## DISCUSSION

*Errors Patent*:

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Anders Review*:

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating that he could find no errors on appeal that would support reversal of Defendant's adjudication or sentences. Thus, counsel seeks to withdraw.

> An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. "When counsel files an *Anders* brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." *State v. Defrene*, 07-823, p. 4 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence.

2

*State v. Newman*, 12-359, p. 7 (La.App. 5 Cir. 12/11/12), 107 So.3d 775, 780, *writ denied,* 13-121 (La. 6/21/13), 118 So.3d 407.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241(citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history, the evidence presented in the lower court, and "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Counsel's brief to this court accurately recites the facts found in the record. He notes that the State presented uncontested documentation of Defendant's prior felony convictions for simple burglary and aggravated criminal damage to property. Although counsel alleges that the trial court adjudicated Defendant a third felony offender, the record shows that the trial judge never specified the actual level of Defendant's habitual offender adjudication. The evidence, however, shows that Defendant is in fact a third felony offender with a prior felony conviction for aggravated criminal damage to property, defined as a crime of violence pursuant to La.R.S. 14:2(B)(19), and another prior felony conviction for simple burglary, an offense with a maximum sentence of twelve years at hard labor. La.R.S. 14:62. Thus, a life sentence without benefit of parole, probation, or suspension of sentence is mandatory for the second degree kidnapping conviction,

and another life sentence is mandatory for the armed robbery conviction. La.R.S. 15:529.1(A)(3)(b) and (A)(4)(b).

Pursuant to *Anders* and *Newman*, this court performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and has confirmed the statements made by counsel. Defendant was properly charged in his bill of information, he was present and represented by counsel at all crucial stages of the proceedings, he was advised of his constitutional rights at the proceedings of his prior convictions, Defendant's sentences comply with the statutory sentencing range, and review of the transcripts in the record reveals no non-frivolous issues for appeal.

Accordingly, we grant the motion to withdraw filed by counsel and affirm Defendant's adjudication as a habitual offender. We also affirm his corresponding sentences.

## DECREE

Finding no non-frivolous issues for appeal, we grant defense counsel's motion to withdraw. Further, we affirm Defendant's adjudication as a habitual offender and affirm the sentences of two terms of life imprisonment without benefit of probation, parole, or suspension of sentence.

**HABITUAL OFFENDER ADJUDICATION AND SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

4

13-754

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

   Plaintiff-Appellee

VERSUS

WESLEY JAMES MONROE

   Defendant-Appellant

On Appeal from the Fifteenth Judicial District Court, Docket Number CR-138470, Parish of Lafayette, State of Louisiana, Honorable Patrick Louis Michot, Judge.

# **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2014.

                              COURT OF APPEAL, THIRD CIRCUIT


                              _____
                              Judge Sylvia R. Cooks


                              _____
                              Judge J. David Painter


                              _____
                              Judge Shannon J. Gremillion

5