STATE OF LOUISIANA

VERSUS

ROBERT CELESTINE, JR.

NO. 20-KA-170

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-2962, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

November 04, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.

<u>**AFFIRMED; REMANDED WITH INSTRUCTIONS**</u>
   **JJM**
   **FHW**
   **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
ROBERT CELESTINE, JR.
     Bertha M. Hillman

**MOLAISON, J.**

Defendant, Robert Celestine, Jr., appeals the validity of his guilty pleas on the basis that the pleas were not knowing and voluntary. As we find that the defendant entered into his pleas as a knowing, intelligent, free, and voluntary act to take advantage of a plea bargain, we affirm the convictions and sentences.

**PROCEDURAL HISTORY**

On June 4, 2018, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Robert Celestine Jr., with possession of firearms by a convicted felon in violation of La. R.S. 14:95.1 (count one); obstruction of justice in violation of La. R.S. 14:130.1 (count two); aggravated flight from an officer in violation of La. R.S. 14:108.1(C) (count three); and possession with intent to distribute cocaine, less than 28 grams, in violation of La. R.S. 40:967(A) (count four). Defendant pled not guilty to all counts at his arraignment held on the same date.

Defendant filed a motion to appoint a sanity commission to determine his competency to stand trial on June 6, 2018. At a competency hearing on July 11, 2018, the defendant and the State tendered a stipulation that if Dr. Rafael F. Salcedo and Dr. Richard Richoux were called, both doctors would be qualified as experts in the fields of forensic psychology and psychiatry, respectively; both doctors would testify to the facts and opinions that appear in their reports; and both doctors would recommend that the trial court find defendant competent to proceed to trial. The trial court accepted the stipulation and found the defendant competent to proceed.

On January 14, 2019, the defendant withdrew his pleas of not guilty and pled guilty as charged to all counts. The trial court advised the defendant of his *Boykin*[1] rights, and the defendant signed an Acknowledgment and Waiver of Constitutional Rights – Guilty Plea form. After advising the defendant of his *Boykin* rights, the trial court accepted his guilty pleas.[2] The defendant waived delays, and the trial court sentenced the defendant in conformity with the plea agreement. As to count one and count two, the trial court sentenced the defendant to imprisonment at hard labor for a term of five years for each count. The sentence as to count one was to be served without the benefit of parole, probation, or suspension of sentence. As to count three and count four, the trial court sentenced the defendant to imprisonment at hard labor for a term of two years for each count. All counts were to run concurrently with each other. The trial court advised the defendant that he had 30 days to appeal his sentence and two years after the judgment of conviction and sentence become final to file an application for post-conviction relief.

Immediately thereafter, the State filed a multiple offender bill of information against the defendant as to count two, alleging he was a second felony offender under La. R.S. 15:529.1.[3] The defendant stipulated to being a second felony offender. Before accepting the defendant's stipulation, the trial court reviewed the defendant's rights, which included the right to have a hearing on the multiple offender bill of information and the right to remain silent throughout such a hearing. Defendant indicated that he understood he was giving up these rights; he

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969).

[2] Defendant also pled guilty to misdemeanor possession of drug paraphernalia, in violation of La. R.S. 40:1023, in 24th Judicial District Court docket number 18-3333. The misdemeanor case is not part of the instant appeal.

[3] Originally the plea bargain presented by the State included a multiple offender bill on Count 1, but when defense counsel discovered that they would be required to run the sentence without the possibility of probation, parole, or suspension of sentence, the State offered to multiple bill on Count 2 in order to allow defendant to have the benefit of parole.

20-KA-170                                    2

completed and signed a Waiver of Rights – Plea of Guilty Multiple Offender form. The trial court accepted the defendant's stipulation to the multiple bill and vacated the sentence on count two. The trial court resentenced the defendant on count two to a term of 15 years without the benefit of probation or suspension of sentence.

On January 17, 2019, the defendant filed a motion by letter requesting to withdraw his guilty plea, asserting his attorney threatened, coerced, and wrongfully advised him that he "would get a life sentence" and abandoned "any of a defensive representative strategy for [his] defense." The trial court denied the defendant's request on February 14, 2019. Defendant filed a *pro se* application for post-conviction relief (APCR) on June 25, 2019, alleging the evidence presented was insufficient to support a conviction for obstruction of justice. On June 28, 2019, the trial court dismissed without prejudice the application for post-conviction relief as premature since the defendant had not exhausted his appellate rights, noting that "[t]he proper procedure for obtaining an out-of-time appeal is to file an application for post-conviction relief, specially requesting an out-of-time appeal, which the court would review."

Defendant subsequently filed a *pro se* request for an out-of-time appeal on August 30, 2019.[4] The trial court construed the defendant's motion to be an application for post-conviction relief and ordered the State to file any procedural objections or an answer on the merits.[5] On January 13, 2020, the State filed a

---

[4] In his request for an out-of-time appeal, defendant argued that his failure to appeal was attributable to an error by his lawyer. He suggested that his guilty pleas to counts two and four were not voluntary due to ineffective assistance of counsel. These claims are not raised in this appeal. The record does not contain sufficient evidence for this Court to consider a claim of ineffective assistance of counsel. Furthermore, the Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an evidentiary hearing before the trial court and create an adequate record for review. *State v. Truitt*, 500 So.2d 355 (La. 1987); *State v. Hart*, 96-0697 (La. 3/7/97), 691 So.2d 651.

[5] On October 1, 2019, defendant filed a Notice of Objections in which he asserted the trial court lacked jurisdiction to hear and decide the merits of the appellate claims set forth in his post-conviction matter. The trial court denied the motion on January 15, 2020.

response setting forth no opposition to the defendant's request for an out-of-time appeal.[6] The trial court granted the defendant's request for an out-of-time appeal, appointing the Louisiana Appellate Project to represent the defendant, and dismissing the defendant's APCR without prejudice on January 30, 2020. This appeal followed, in which the defendant challenges the validity of his guilty pleas on the basis that the pleas were not knowing and voluntary.

**FACTS**

As the defendant pled guilty, the facts were not fully developed at trial. Nonetheless, the bill of information as to count one alleges that on or about April 3, 2018, the defendant violated La. R.S. 14:95.1 by having in his possession a Glock 9 mm handgun, serial number BDL410; a Smith & Wesson M&P semi-automatic rifle, serial number SY96562; and a Bersa .380 caliber handgun, serial number 760427, having been previously convicted of illegal use of weapons or dangerous instrumentalities in violation of La. R.S. 14:94.[7] The bill of information also alleges that the defendant violated La. R.S. 14:130.1 in that he obstructed justice by tampering with evidence relevant to a criminal proceeding in which a sentence with or without hard labor may be imposed (count two). As to count three, the bill of information alleges that the defendant violated La. R.S. 14:108.1(C) by intentionally refusing to bring a vehicle to a stop, under circumstances where human life was endangered, knowing he had been given a visual and audible signal to stop by Deputy R. Lyons of the Jefferson Parish

---

[6] On September 9, 2019, the trial court ordered the State to respond within thirty days. On December 17, 2019, the State filed a motion for extension of time to respond to defendant's request for an out-of-time appeal. By letter filed on December 27, 2019, defendant objected to the State's motion, and on December 30, 2019, he requested a rule to show cause why the State should not be held in contempt of court for non-compliance with the trial court's order. The trial court denied defendant's motion on January 15, 2020.

[7] The bill of information alleges the previous conviction occurred under case number 10-5271 on December 14, 2010, in the 24th Judicial District Court.

Sheriff's Office when the officer had reasonable grounds to believe the defendant had committed an offense. Finally, count four of the bill of information alleges that defendant violated La. R.S. 40:967(A) by knowingly or intentionally possessing with intent to distribute a controlled dangerous substance, to wit: cocaine, weighing less than twenty-eight grams.

During the colloquy, the State provided the factual basis for the defendant's charges and, in doing so, recited the allegations outlined in the bill of information. The State also provided the factual basis for the defendant's multiple bill by setting forth that it would have proven that the defendant pled guilty to illegal possession of a firearm in violation of La. R.S. 14:69.1 on December 14, 2010, and was sentenced on that same date to two years in the Department of Corrections. The State set forth that it would have proven, through a certified conviction, that defendant was properly advised of his rights. The State also set forth that it would have proven that less than ten years elapsed from the completion of the defendant's sentence to the date of the offense in the instant case.

**DISCUSSION**

In his sole assignment of error, the defendant asserts that his guilty pleas were not knowing and voluntary. Defendant contends that he was "induced" to plead guilty to these charges to avoid a mandatory life sentence. He claims that he was informed by the State, the court, and his attorney that he would be exposed to a life sentence as a fourth felony habitual offender, but there is no evidence in the record of any prior convictions that could be used to enhance his current charges.

Under La. C.Cr.P. art. 559(A), the trial court has the discretion to permit a defendant to withdraw his guilty plea at any time before sentencing. Once a defendant has been sentenced, only those guilty pleas that are constitutionally

infirm may be withdrawn and only by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A plea is constitutionally infirm when it is not entered freely and voluntarily, if the *Boykin* colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain that is not kept. *Id.* A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. *State v. Green*, 03-410 (La. App. 5 Cir. 10/28/03), 860 So.2d 237, 242, *writ denied* 03-3228 (La. 3/26/04), 871 So.2d 346 (*citing State v. Cook*, 32,110 (La. App. 2 Cir. 6/16/99), 742 So.2d 912, 919-20). Without fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. *Id.*

A review of the record shows that the trial court advised the defendant that he faced a maximum sentence of life on each of the four charged counts if he went to trial and the State multiple billed him as a fourth felony offender. The trial court also advised the defendant that the State agreed to accept a plea to a "double bill" with a sentence of 15 years in the Department of Corrections for count one, five years in the Department of Corrections for count two, two years in the Department of Corrections for count three, and two years in the Department of Corrections for count four. The trial court advised the defendant it would run the sentences concurrently.

During the *Boykin* colloquy, the trial court advised the defendant that he was pleading guilty to the following crimes: possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1; obstruction of justice in violation of La. R.S. 14:130.1; aggravated flight in violation of La. R.S. 14:108.1; and possession with intent to distribute a controlled dangerous substance, specifically less than 28

grams of cocaine, in violation of La. R.S. 40:967(A). The defendant indicated that he understood he was pleading guilty to these crimes. During the colloquy, the defendant was advised of his right to a jury trial, his right to be presumed innocent until the District Attorney proved his guilt beyond a reasonable doubt, his right to confrontation, his privilege against self-incrimination, his right to appellate review of an adverse verdict at trial, and his right to the assistance of a lawyer. The defendant indicated that he understood that he was waiving and giving up these rights. The defendant was also advised of these rights on a waiver of rights form that the defendant initialed and signed.

During the colloquy, the defendant also indicated that he was satisfied with the way his attorney handled his case; confirmed that he understood the possible legal consequences of pleading guilty; and confirmed that the act of pleading guilty was knowing, intelligent, free, and voluntary on his part and that no promises or threats had been made to encourage him to enter guilty pleas. The trial court informed the defendant that his guilty pleas could be used to enhance a penalty for any future conviction. The trial court advised the defendant of the maximum sentences that may be imposed for each of the four counts. The trial court also advised defendant he would be sentenced as follows: as to count one, a sentence of five years in the Department of Corrections without the benefit of probation, parole, or suspension of sentence; as to count two, a sentence of five years in the Department of Corrections; as to count three, a sentence of two years in the Department of Corrections; and as to count four, a sentence of two years in the Department of Corrections. The trial court advised the defendant that all sentences would be concurrent. Defendant again indicated that he understood his rights and had no further questions. After his colloquy with the defendant, the trial judge

accepted the defendant's guilty pleas as knowingly, intelligently, freely, and voluntarily made. After a waiver of delays, the trial court sentenced the defendant following the plea agreement.

After a review of the record, we find that defendant understood the guilty plea proceedings. It is clear that the trial judge carefully advised the defendant of the sentencing ranges for each count, as well as the sentencing ranges for each count as a fourth felony offender. The trial court explained the plea offer presented by the State. Defendant indicated that he understood the potential sentences and plea offer. When he initially indicated that he was unsure about going forward with a trial on his not-guilty plea, the court allowed him to consider the potential sentences and plea offer and to have a discussion with his attorney before withdrawing his not-guilty pleas. After the defendant expressed his intention to withdraw his not-guilty pleas, the trial court reviewed the defendant's *Boykin* rights during the colloquy and the defendant stated he understood his rights. Further, the defendant executed a waiver of rights form, and he indicated to the trial court that he had no difficulty reading and understanding the waiver of rights form. At no time during the colloquy did the defendant indicate that he had been induced to enter guilty pleas in any way; rather, he confirmed that the guilty pleas were knowing, intelligent, free, and voluntary on his part and that no promises or threats had been made to encourage him to enter into the guilty pleas.

We find no merit to the defendant's assertion that he was "induced" to plead guilty by the trial court or his attorney by the threat of being billed as a fourth felony offender and to avoid a life sentence. This Court has previously discussed the voluntariness of a guilty plea entered to limit the possible maximum penalty in *State v. Kron*, 07-1024 (La. App. 5 Cir. 3/25/08), 983 So.2d 117, *writ denied*, 08-

0813 (La. 10/24/08), 992 So.2d 1039. In *Kron,* the defendant argued that he felt pressured to plead guilty by the threat of a "quad bill" if he proceeded to trial, and therefore, his plea was not knowing and voluntary. *Id.* at 119. In exchange for the guilty plea, the State agreed to bill the defendant as a third felony offender with an eight-year sentence, rather than as a fourth felony offender which would expose him to life imprisonment. *Id.* at 122. As to the defendant's suggestion that he felt pressured to plead guilty, the Court stated:

> The reality of defendant's potential life sentence understandably provoked fear in defendant. However, as the Louisiana Supreme Court has stated, there is no inherent coerciveness when a trial judge explains the possible penalties a defendant faces if he went to trial and was convicted by a jury. *State v. Bouie, supra.* Defendant's guilty plea is not rendered involuntary simply because he entered the plea to limit his possible maximum penalty to less than that authorized by law for the crime charged.

*Id.* at 123, *citing State v. Bouie*, 00-2934 (La. 5/14/02), 817 So.2d 48, 53. The advice of possible penalties is information that an accused should possess to enter a knowing and intelligent guilty plea. *Bouie*, 817 So.2d at 55. After reviewing the *Boykin* colloquy and waiver of rights form, this Court found the *Kron* defendant's guilty plea was knowing and voluntary. 983 So.2d at 120-21.

Likewise, this Court finds no inherent coerciveness by the trial judge explaining the sentencing range faced by a defendant under a multiple bill if he goes to trial and is convicted by a jury. It is not "intimidation" for an attorney to advise his client of the risk of a multiple offender bill. *State v. Youngblood*, 32,003 (La. App. 2 Cir. 5/5/99), 740 So.2d 687, 691. Nor has the defendant established that his decision to plead guilty was coerced by any misrepresentation or misstatement by counsel that he could be charged as a fourth felony offender.

The defendant contends the record contains no evidence to establish that he is a fourth felony offender; contains no evidence that if there are prior convictions,

those convictions are not subject to a cleansing period; contains no evidence that the defendant is the same Mr. Celestine who acquired the previous convictions, and contains no evidence that the trial court could have imposed a life sentence. Although the defendant contends the record contains no evidence to establish that he is a fourth felony offender, the defendant was informed of the prior convictions of which the State was aware and could use to prove his fourth felony offender status. The State announced that the defendant was a quadruple felony offender and provided the trial court with a recitation of the defendant's prior convictions: (1) a 2012 conviction for possession of a Schedule II controlled dangerous substance; (2) a 2012 conviction for possession with intent to distribute a Schedule II controlled dangerous substance; (3) a 2010 conviction for illegal use of a firearm in violation of La. R.S. 14:94; and (4) a 2010 conviction for violation of La. R.S. 14:69.1 (illegal possession of stolen firearms).

If the defendant desired to force the State to produce evidence of all of his prior convictions, he could have contested his prior convictions at a multiple bill hearing. La. R.S. 15:529.1(D)(1)(a) allows a prosecutor to file a multiple offender bill of information accusing a person convicted of a felony of a previous conviction of a felony at any time after conviction or sentence. The trial court shall inform the offender of the allegations and his right to be tried as to the truth, and if the offender denies the allegations, he is given fifteen days to file particular objections to the information. La. R.S. 529.1(D)(1)(b). If the person claims that any conviction alleged is invalid, he shall file a written response to the information, and any challenge to a previous conviction which is not made before the sentence is imposed may not thereafter be raised to attack the sentence. *Id.*

To prove that a defendant is a habitual offender, the State must establish by competent evidence the defendant's prior felony convictions and that defendant is the same person who was convicted of the prior felonies. *State v. Chaney*, 423 So.2d 1092 (La. 1982); *State v. Jones*, 08-466 (La. App. 5 Cir. 10/28/08), 998 So.2d 178, 182-83.[8] The State is not required to use a specific type of evidence to carry its burden of proof according to the Habitual Offender Law, La. R.S. 15:529.1. *State v. Lindsey*, 99-3302 (La. 10/17/00), 770 So.2d 339, 344 n. 3, *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001); *Jones*, 998 So.2d at 183. Any competent evidence may be used to prove a defendant's prior convictions, including the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the defendant with those in the record of prior convictions, or photographs contained in a duly authenticated record. *State v. Mays*, 05-2555 (La. 5/26/06), 929 So.2d 1231, 1232; *Jones*, 998 So.2d at 183.

Instead of electing to challenge the validity of the four prior felony convictions listed by the State, the defendant chose to accept the offer made by the State waiving his right to a multiple offender hearing in exchange for the State proceeding only on a second felony offender bill and ensuring a maximum sentence of fifteen years. As the sentencing transcript reflects, the prosecutor advised the court of the plea agreement to bill the defendant only as a second felony offender, rather than a fourth felony offender.

While the defendant claims that his decision to plead guilty was induced by the State's threat to bill him on charges that would require a mandatory life sentence if he did not accept the offer, this conflicts with his plea waiver form that

___

[8] When a defendant's habitual offender status is based on guilty pleas in the predicate convictions, the State also has the burden of proving the defendant was represented by counsel when the guilty pleas were taken. *State v. Shelton*, 621 So.2d 769, 779 (La. 1993); *Jones*, 998 So.2d at 183.

20-KA-170                                    11

bears his initials next to the admonishment: "I have not in any way been forced, coerced, or threatened to enter this plea of guilty." The fact that the State informed him that the multiple offender law can be used to seek a more severe enhanced sentence does not constitute a threat or coercion that would render his plea involuntary. The Louisiana Supreme Court, in discussing this situation, has stated that "it is in the very nature of plea bargains that the prospects under differing circumstances will be discussed freely." *State ex rel. James Henry Jackson v. Henderson*, 283 So.2d 210, 211 (La. 1973). Defendant's argument runs counter to well-established case law recognizing that it is constitutionally permissible to use the threat of more severe punishment to encourage a guilty plea. *See Frank v. Blackburn*, 646 F.2d at 883 (5th Cir. 1980) (noting that the Supreme Court's plea bargaining decisions make it clear that a state is free to encourage guilty pleas by offering substantial benefits to a defendant, or by threatening an accused with more severe punishment should a negotiated plea be refused) (*citing Corbitt v. New Jersey*, 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978); *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)).

In the instant case, the State could have charged the defendant as a fourth felony offender under Louisiana law. Given that scenario, the defendant would have faced the likelihood of a significantly more severe sentence, one that included the *possibility of life imprisonment*. The State's assertion that it could file a habitual offender bill charging the defendant as a fourth felony offender was part of permissible plea bargain negotiations, and did not render his acceptance of the State's plea offer involuntary.

Concerning the voluntariness of the defendant's plea at the multiple offender proceeding, the validity of his plea to the second felony offender multiple bill is

not invalidated by lack of evidence presented as to prior felony convictions. Defendant waived his right to a hearing and any possible non-jurisdictional defects by stipulating to being a second felony offender as alleged in the multiple bill. By stipulating to the multiple bill, the defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing. *State v. Allen*, 19-388 (La. App. 5 Cir. 4/30/20), 296 So.3d 1084, 1090. In a similar case, where a defendant argued that the trial judge erred in not making the State prove that the out-of-state convictions were felonies in Louisiana or show that the cleansing period had not lapsed, this Court found an unconditional plea, willingly and knowingly made, waives all non-jurisdictional defects and bars a defendant from later asserting on appeal that the state failed to produce sufficient proof at the multiple offender hearing. *State v. Schaefer*, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. *See also, State v. Kent*, 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 230, *writ denied*, 15-2119 (La. 12/16/16), 211 So.3d 1165 (defendant waived non-jurisdictional defects in the habitual offender bill by stipulating to it and entering into an unqualified guilty plea) and *State v. Dickerson*, 11-236 (La. App. 5 Cir. 11/15/11), 80 So.3d 510, 520.

A review of the multiple offender proceeding reveals that the defendant was advised that he was being charged as a second felony offender and that he had received and reviewed a copy of the multiple offender bill of information. The defendant was advised that by stipulating to the multiple bill, he was giving up the right to "plead not guilty to this charge" and the right to have a hearing and force the District Attorney to prove: (1) that he was one and the same individual who had a prior felony record, (2) that not more than ten years had elapsed since the expiration of the maximum sentence or sentences of the previous conviction or

convictions, and (3) that he was properly advised of his *Boykin* rights if any prior conviction was the result of a guilty plea. The defendant indicated that he understood he was giving up these rights.

The defendant voluntarily stipulated to the habitual offender bill and entered into an unqualified guilty plea. During the multiple bill colloquy, the trial court informed the defendant that he would receive a sentence of 15 years without the benefit of probation or suspension of sentence on count two, and the defendant indicated that he understood the sentence. The waiver of rights form signed and initialed by the defendant also indicates that he would receive a sentence of 15 years without the benefit of probation or suspension of sentence. Defendant indicated that he was satisfied with how his attorney handled the case, that he understood the legal consequences of the stipulation, and that he wished to stipulate to the multiple bill. We find that defendant was not induced to stipulate to the multiple bill and that defendant entered the stipulation knowingly, freely, and voluntarily.

Therefore, we find that defendant's guilty pleas to be constitutionally valid. The record shows he was adequately advised of his *Boykin* rights and his pleas were knowing and voluntary. He was not improperly induced to enter the pleas by the Court or his attorney in explaining the possible penalties. By entering into a plea bargain with the State, the defendant waived his right to have the State produce evidence of his prior felony convictions.

**Errors Patent**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux,* 312 So.2d 337 (La. 1975). A review of the transcript shows the

trial court did not state at the multiple offender sentencing that the 15-year sentence on count two would run concurrently with the other sentences. During plea negotiations, the State indicated that the State and the court agreed to all sentences running concurrently rather than consecutively in exchange for the defendant's plea of guilty to all charges. When the trial court reviewed the terms of the plea offer with the defendant before the *Boykin* colloquy, the trial court said that it would run the sentences concurrently, stating, "[t]he Court would run them and it would be altogether [sic]. So 15 years along with those other years that we've indicated, would run concurrent." The Nunc Pro Tunc minute entry dated February 27, 2020, does state that "sentences on all counts, including the sentence on the Multiple Offender bill, are to run concurrently with each other." [9] Furthermore, La. C.Cr.P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

In this case, all of the charged offenses were part of the same act or transaction.

Although the trial court was silent as to whether the defendant's enhanced sentence was to run concurrently with any other sentences during the multiple bill hearing, the record shows that the court intended the sentences to run concurrently and that defendant was informed of this before entering his guilty plea. The record is sufficient to show the trial court's intention to have the defendant's habitual

---

[9] The Nunc Pro Tunc minute entry dated February 27, 2020, corrects the minute entries dated January 14, 2019 and January 16, 2019.

offender sentence run concurrently with the other sentences. *See State v. Thomas*, 10-221 (La. App. 5 Cir. 11/9/10), 54 So.3d 668, 692. The Uniform Commitment Order (UCO) also fails to specify that the sentences shall be concurrent. The record contains two UCOs dated February 27, 2020, one on the defendant's sentence according to the guilty pleas and one on the defendant's sentence on the multiple bill. Neither UCO indicates that the defendant's sentences are to run concurrently with each other, but both UCOs show the sentences are to run concurrently with 24th Judicial District Court case number 18-3333. Therefore, we remand for correction of the UCO to reflect the concurrent nature of the sentences. *See State v. Melgar*, 19-540 (La. App. 5 Cir. 4/30/20), 2020 WL 2079031, at *11. Furthermore, we direct the 24th Judicial District Court Clerk of Court to transmit the corrected UCOs to the appropriate authorities following La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department.

Additionally, there is an error within the sentencing minute entry. The Nunc Pro Tunc minute entry dated February 27, 2020, contains a discrepancy as to the sentences imposed for count three and count four. The minute entry states both that defendant was sentenced to two years at hard labor on count three and count four and that defendant was sentenced to five years at hard labor on count three and count four. According to the sentencing transcript, the defendant was sentenced to two years at hard labor on count three and two years at hard labor on count four. Consistent with the transcript, the UCO dated February 27, 2020, reflects a sentence of two years at hard labor on count three and count four. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). Therefore, we remand the

case for correction of the minute entry to ensure the accuracy of the record. *See State v. Belvin*, 14-626 (La. App. 5 Cir. 12/16/14), 170 So.3d 987.

**CONCLUSION**

For the above reasons, we find that defendant was not induced to plead guilty or stipulate to the multiple offender bill of information, but freely, knowingly, and voluntarily pled, based on a favorable plea agreement.  Therefore, we find no merit in the assignment of error.  We affirm the convictions and sentences, and remand to the trial court for correction of the minute entry and Uniform Commitment Order following the directions of this Court.

**AFFIRMED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 4, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-170

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053